# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GWENDOLYN TAITT-RELF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OLYMPUS CORPORATION OF THE AMERICAS,<br><br>　　　　Defendant. | Case No. 19-cv-03726-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 12] |

Plaintiff Gwendolyn Taitt-Relf ("Plaintiff") sues Defendant Olympus Corporation of the Americas ("Defendant"), claiming that Defendant subjected her to discrimination and retaliation at work. Plaintiff asserts four causes of action: (1) race discrimination; (2) age discrimination; (3) retaliation; and (4) failure to prevent discrimination or retaliation.

Now before the Court is Defendant's motion to dismiss the entire Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion at 1, ECF 12. The Court heard arguments for the motion to dismiss on September 5, 2019 ("the hearing"). For the reasons stated on the record and discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

Plaintiff alleges that when she began working for Defendant in 2017, she informed the company that she frequently needed to use the restroom because of her medications. Compl. ¶¶ 13-14, ECF 1. Ex. A. In July 2018, Plaintiff got a new supervisor (the "Supervisor"), who began documenting in a spreadsheet Plaintiff's meal and rest breaks as well as her restroom use. *Id.* ¶¶ 15-16. The Supervisor met with the Plaintiff several times to discuss those breaks and frequently stood over Plaintiff as she worked. *Id.* ¶¶ 18, 20. Plaintiff told the Supervisor that she

1    intended to report him to HR, but when she requested the spreadsheet, he said it had disappeared.
2    *Id.* ¶¶ 20-21. Then, in August 2018, two coworkers made racially disparaging remarks to Plaintiff.
3    *Id.* ¶ 22.

In September 2018, Plaintiff met with HR about the Supervisor's treatment and her coworkers' comments. *Id.* ¶ 23. Shortly after the meeting, another coworker called her a snitch and warned her to watch her back. *Id.* ¶ 25. Plaintiff reported the coworker's conduct to HR, and in October 2018, she met with HR again to further discuss what she felt was discriminatory treatment. *Id.* ¶¶ 26-27. After this meeting, Plaintiff was reassigned to a new supervisor and instructed not to interact with the Supervisor anymore. *Id.* ¶ 30. Still, on October 25, 2018, the Supervisor sat next to Plaintiff and criticized her performance. *Id.* ¶ 31. Again, Plaintiff complained to HR, and in January 2019, she learned that the Supervisor no longer worked for Defendant. *Id.* ¶¶ 32, 34-35.

Based on these facts, Plaintiff believes she was discriminated against on the basis of her race and age and retaliated against after engaging in protected activity. *Id.* ¶¶ 36-37. Plaintiff alleges adverse employment actions, including increased criticism of her work performance and cell phone use, which were criticisms not given to other similarly situated employees who were not African American or over 40 years old. *Id.* ¶ 37. On May 13, 2019, Plaintiff filed a Complaint in Santa Clara Superior Court against Defendant alleging race and age discrimination, retaliation, and failure to prevent discrimination and retaliation under California's Fair Employment and Housing Act ("FEHA"). *See generally id.* On June 26, 2019, Defendant removed the case to this Court. Notice of Removal, ECF 1.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, courts accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, courts need

not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendant moves to dismiss all four of Plaintiff's causes of action for failure to state a claim under Rule 12(b)(6). *See* Motion at 1. Plaintiff counters that Defendant's motion contradicts the Ninth Circuit's expansive view of what constitutes an adverse employment action. *See* Opp. at 1, ECF 14. Specifically, Plaintiff alleges eight adverse employment actions taken by either the Supervisor or her coworkers. *See id.* She argues that Defendant inappropriately narrows what constitutes an adverse employment action and mischaracterizes injurious remarks as stray. *See id.* at 4, 5. Meanwhile, Defendant contends that Plaintiff fails to allege facts sufficient to support a finding that she suffered an adverse employment action. *See* Motion at 9, 12. For the reasons discussed below and at the hearing, the Court GRANTS Defendant's motion, WITH LEAVE TO AMEND.

First, Plaintiff has not sufficiently alleged that she suffered an adverse employment action. To establish employment discrimination or retaliation under FEHA, it is not enough to show "that the employee has been subjected to an adverse action or treatment that reasonably would deter an employee from engaging in the protected activity." *McRae v. Department of Corrections & Rehabilitation*, 142 Cal. App. 4th 377, 386 (2006) (citing *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1051-52 (2005)). Instead, an employee must show that she "has been subjected to an adverse employment action that *materially* affects the terms, conditions, or privileges of employment." *Id.* (emphasis added). In other words, the employer's actions must have "a detrimental and substantial effect" on a worker's employment. *Id.* However, any inquiry into an

3

adverse employment action considers "the unique circumstances of the affected employee as well as the workplace context of the claim." *Yanowitz*, 36 Cal. 4th at 1052.

Here, Plaintiff fails to allege facts sufficient to show a detrimental and substantial effect on her employment. In her Complaint, Plaintiff cites reprimands of her job performance as adverse employment actions but provides little detail about them. *See* Opp. at 4; Compl. ¶¶ 16, 18, 20, 27-28, 31, 37. An employer's criticism of poor work performance is not enough to constitute an adverse employment action. *See Murray v. County of Orange*, No. SACV 10-01675 JVS (MLGx), 2012 WL 12921900, at *3 (C.D. Cal. Dec. 19, 2012) (finding that a supervisor's "comments and criticism . . . alone do not suffice" nor do they detrimentally impact the terms or conditions of employment).

Second, Plaintiff has not sufficiently alleged that her coworkers' remarks constitute an adverse employment action. *See* Opp. at 5. The Complaint alleges one instance of two coworkers' disparaging remarks in August 2018 and a threat from another coworker in September 2018. Compl. ¶¶ 22-23, 25-26. However, Plaintiff misses the point. Fellow employees' conduct that is "reasonably likely to do no more than anger or upset an employee" does "not materially affect the terms, conditions, or privileges of employment." *Beagle v. Rite Aid Corp.*, No. C 08-1517 PJH, 2009 WL 3112098, at *7 (N.D. Cal. Sept. 23, 2009). Consequently, "the alleged ostracism and blame by [a] plaintiff's coworkers cannot be considered an adverse employment action." *Id.*

The Court recognizes that Plaintiff may rely on the totality of the circumstances in asserting her claims, but even taken as a whole, the facts pled do not constitute adverse employment actions under FEHA. *See McRae*, 142 Cal. App. 4th at 388. Furthermore, the Complaint does not allege how Plaintiff suffered as a result of the comments. *See generally* Compl. Instead, for the first time in her Opposition Plaintiff claims that such remarks have caused her "extreme emotional distress, placing her in fear of her life, materially altering her working conditions, and resulted in a loss of income, i.e. sick and PTO days." Opp. at 5. While the alleged conduct and its consequences may or may not constitute an adverse employment action, this Court will not consider the new allegations on a motion to dismiss.

4

Finally, because Plaintiff has not pled sufficient facts to support a claim of discrimination or retaliation, her fourth claim for failure to prevent such activity necessarily fails. *See Murray*, 2012 WL 12921900, at *6.

Accordingly, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to all four claims.

**IV. ORDER**

For the foregoing reasons as well as those stated on the record at the hearing, Defendant's motion to dismiss is hereby GRANTED WITH LEAVE TO AMEND. Any amended pleading shall be filed within 45 days of this order.

**IT IS SO ORDERED.**

Dated: September 9, 2019

_____
BETH LABSON FREEMAN
United States District Judge